UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA KAYE GOLDEN,<br><br>    Plaintiff,<br><br>v.<br><br>MARGARET M. MANN,<br><br>    Defendant. | Case Nos.: 20-cv-856 DMS (NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECUSE THE UNDERSIGNED** |

Pending before the Court is Plaintiff's Motion to Recuse the undersigned. (ECF No. 11.) The matter is fully briefed and submitted. Plaintiff has a number of Bankruptcy Appeals pending in this Court and moves to recuse the undersigned based on alleged actions undertaken in those appeals. The facts of those underlying appeals are set out in the Court's prior order denying Plaintiff's Motion to Recuse. *See* Order Denying Motion to Recuse (hereinafter "Order"), 19-CV-2178-DMS-NLS, ECF No. 15, at 1–3.

Plaintiff now moves to recuse the undersigned based on alleged bias arising out of: (1) the undersigned's professional relationship with the Honorable Margaret Mann, who is overseeing Plaintiff's bankruptcy case; (2) the undersigned's refusal to allow Plaintiff to file documents electronically; and (3) the undersigned's failure to timely rule on bankruptcy appeals and motions filed by Plaintiff. *See* Mot. to Recuse, ECF No. 13, at 2–5. Plaintiff raised the first two allegations in her previous Motion to Recuse, filed in 19-

cv-2178. *See* Order at 7–10.  Accordingly, the Court finds those arguments unpersuasive for the same reasons set forth in the Court's earlier Order. *See id.*

Plaintiff raises the third issue for the first time in this motion:  that the undersigned has failed to timely rule on Bankruptcy appeals and motions by Plaintiff.  The Court declines to find a basis for recusal based on this allegation.  Indeed, the Court has granted Plaintiff wide latitude as a pro se litigant in this case and her other cases pending before the Court, accepting documents that do not comply with the local rules and granting Plaintiff's requests for extensions of time.  *See, e.g.*, ECF No. 10 (accepting motion submitted by Plaintiff that failed to comply with Civil Local Rule 5.2 ); ECF No. 16 (granting Plaintiff's second request for an extension of time to respond to pending motions to dismiss); *see also Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (affirming district court's denial of motion to recuse and noting that "the procedural history of [the] case reveals that the district court has been extremely indulgent of [plaintiff], repeatedly granting extensions of time, accepting late-filed pleadings, granting an untimely motion to amend [plaintiff's] complaint, and reinstating [plaintiff's] action after its initial dismissal"). Furthermore, the Court has been unable to rule on any of Plaintiff's bankruptcy appeals because she has yet to file opening briefs in compliance with the Court's scheduling orders in any case.  *See, e.g.*, 18-cv-2089-DMS-NLS; 19-cv-0488-DMS-NLS; 19-cv-836-DMS-NLS. As such, the Court finds Plaintiff has not come forward with any facts that would lead a reasonable observer "with knowledge of all the facts [to] conclude that the judge's impartiality might be reasonably questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal citations and quotation marks omitted).  Accordingly, Plaintiff's motion is denied.

**IT IS SO ORDERED.**

Dated:  September 2, 2020

_____
Hon. Dana M. Sabraw
United States District Judge